# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1917 | **DATE** | 3/12/2004 |
| **CASE TITLE** | St. Charles Manufacturing vs. Whirlpool Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: St. Charles's Motion to Dismiss Counterclaim is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAR 1 2 2004


JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

ST. CHARLES MANUFACTURING
LIMITED PARTNERSHIP and ST.
CHARLES ACQUISITION LIMITED
PARTNERSHIP,

        Plaintiff,

v.

WHIRLPOOL CORPORATION and
WHIRLPOOL KITCHENS, INC.,

        Defendant.

Case No. 03 C 1917

Hon. Harry D. Leinenweber

DOCKETED
MAR 1 5 2004



## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Dismiss Counterclaim for Lack of Federal Jurisdiction (hereinafter, the "Motion"). For the following reasons, the Court grants the Motion.

### I.   INTRODUCTION

In March 2003, St. Charles Manufacturing Limited Partnership and St. Charles Acquisition Limited Partnership (collectively, "St. Charles") filed a diversity suit against Whirlpool Corporation and Whirlpool Kitchens, Inc. (collectively, "Whirlpool"), asserting claims for breach of contract, restitution, quasi contract and unjust enrichment, and breach of agreement. In May 2003, Whirlpool answered St. Charles's initial complaint and also filed a counterclaim alleging breach of contract. In August 2003, Whirlpool filed a motion for summary judgment, which the Court

granted on December 23, 2003, disposing of all counts in the complaint.

St. Charles's complaint originated from a 1989 Purchase Agreement in which Whirlpool agreed to sell a parcel of real property to St. Charles and also agreed to address environmental contamination on the property. When a disagreement arose pertaining to Whirlpool's remediation efforts, the parties entered into a second agreement (the "2000 Agreement"). In the 2000 Agreement, Whirlpool agreed to obtain official recognition for the adequacy of its environmental remediation efforts on the property. Under paragraph 5(d) of the 2000 Agreement, St. Charles agreed that "upon receipt of a 'Comprehensive' No Further Remediation letter from the Illinois EPA" it would release Whirlpool from any and all claims in respect of pre-existing conditions at the Facility."

Although Whirlpool received a No Further Remediation letter (the "NFR Letter") from the Illinois EPA, St. Charles still filed suit against Whirlpool. This Court granted Whirlpool's motion for summary judgment on all counts of St. Charles's complaint. Thus, the only claim left before this Court is Whirlpool's counterclaim for breach of the 2000 Agreement. Specifically, Whirlpool's counterclaim seeks reimbursement of its expenses in obtaining the NFR Letter, pursuant to paragraph 5(c) of the 2000 Agreement. Under the terms of paragraph 5(c), this would entitle Whirlpool to

a maximum of $50,000 in damages (based upon the terms of the 2000 Agreement and the selling price of the property).

## II. **DISCUSSION**

The present Motion seeks to dismiss Whirlpool's counterclaim on the basis that the counterclaim lacks an independent basis for diversity jurisdiction, following dismissal of the complaint. See 28 U.S.C. §1332(a). A district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). In determining whether to exercise jurisdiction over claims such as the counterclaim here, courts consider and weigh the factors of judicial economy, convenience, fairness and comity. See *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Timm v. Mead Corporation*, 32 F.3d 273 (7th Cir. 1994). The general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over the supplemental claims rather than resolve them on the merits. See *United Mine Workers of Am. V. Gibbs*, 383 U.S. 715, 726 (1996); *Miller Aviation v. Milwaukee County Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001).

However, there are exceptions to the general rule. Based upon a balance of the four previously-stated factors, courts have recognized three exceptions to the general rule of relinquishment jurisdiction over supplemental claims. See *Wright v. Associated*

*Insurance Companies Inc.*, 29 F.3d 1244, 1252 (7th Cir. 1994). The three exceptions arise when: 1) the statute of limitations has run on the pendent state claim, precluding filing of a separate suit in state court; 2) substantial judicial resources have already been committed so that sending the case to another court will cause a substantial duplication of effort; and 3) it is absolutely clear how the pendent claims can be decided. *Id.* at 1251.

Analyzing the present case in light of these three exceptions establishes that this Court should not retain jurisdiction over Whirlpool's counterclaim. The parties agree that the first exception, invoked when the statute of limitations has run on a pendent state claim, does not apply here. Thus, Whirlpool is not time-barred from pursuing its counterclaim in state court.

The second exception applies where substantial judicial resources have been committed in the pending case, such as when a court has invested a considerable amount of time overseeing the litigation, through both extensive discovery and motion practice. *See, e.g., Miller Aviation*, 273 F.3d at 732 (district court, which had spent five years overseeing litigation before the federal claims were disposed of, retained jurisdiction over supplemental claims for reasons of judicial efficiency). Here, the second exception does not apply because the complaint was disposed of relatively early in the litigation, with virtually no discovery

conducted, and therefore this case has expended comparatively few judicial resources. *Cf. Id.*

The third exception to the general rule applies when it is absolutely clear how to decide the remaining state law claims. *See, e.g., Wright,* 29 F.3d at 1251. The rationale underlying this exception is that if "the district court, in deciding a federal claim decides an issue dispositive of a pendent claim, there is no use leaving the latter to the state court." *See id.*

Here, it is not absolutely clear how to decide Whirlpool's counterclaim based exclusively upon this Court's summary judgment ruling. Whirlpool argues that the summary judgment ruling "all but compels judgment in Whirlpool's favor on the counterclaim." This Court's summary judgment ruling held that the NFR Letter obtained by Whirlpool satisfied the provisions of paragraph 5(d) in the 2000 Agreement, and thus St. Charles was contractually obligated to release Whirlpool from any claims pertaining to the pre-existing conditions at the property. Whirlpool contends that this is tantamount to a finding that it is entitled to reimbursement of its actual expenses pursuant to paragraph 5(e) of the 2000 Agreement. In contrast, St. Charles notes, among other things, that paragraph 5 of the 2000 Agreement included a reservation of rights pertaining to the 1989 Purchase Agreement, which in turn contained contractual obligations pertaining to environmental remediation that *may* require something more than a NFR Letter.

St. Charles has the better argument here. This Court's summary judgment ruling was tethered to paragraph 5(d) of the 2000 Agreement, which pertained specifically to Whirlpool's procurement of an NFR letter. The summary judgment ruling was silent as to the meaning of paragraph 5(c), which is the subject of the counterclaim. It may be that, as St. Charles argues, paragraph 5(c) requires that Whirlpool perform other predicate acts – separate from receipt of the NFR Letter – to obtain reimbursement for "actual expenses." In addition, even if reimbursement under paragraph 5(c) naturally followed from this Court's prior determination that Whirlpool met the provisions of paragraph 5(d), the issue of remediation expenses may not be as straightforward as Whirlpool contends. For instance, although Whirlpool claims that such expenses are "easily ascertainable based upon invoices received by Whirlpool for remediation activities . . . [therefore] requiring neither trial nor further discovery," St. Charles may dispute the reasonableness of these expenses and/or raise issues pertaining to mitigation of damages. Thus, it is not unlikely that further discovery and motion practice may be necessary to resolve at least this facet of the counterclaim.

In expressing the foregoing analysis, this Court, of course, does not intend to provide any opinion on the relative merits of the parties' interpretations of paragraph 5(c) nor on the viability of St. Charles's potential defenses. The procedural posture here

dictates a narrow scope of analysis: whether the Court's summary judgment ruling renders the determination of Whirlpool's counterclaim *absolutely clear*. The Court holds that it does not because the summary judgment ruling did not implicate paragraph 5(c) of the 2000 Agreement. This is not to say that the summary judgment ruling does not inform (or even, arguably, determine) the resolution of Whirlpool's counterclaim; instead, the Court holds only that its prior ruling does not reach the level of absolute clarity *vis a vis* the counterclaim to justify abandonment of the general rule of relinquishment of supplement jurisdiction. Accordingly, the proper result here is for the state court system (if necessary) to reexamine the contours of Whirlpool's state law counterclaim with fresh eyes.

## CONCLUSION

For the reasons set forth above, St. Charles's Motion to Dismiss Counterclaim is **GRANTED**.

**IT IS SO ORDERED.**

```
                              _____
                              Harry D. Leinenweber, Judge
                              United States District Court
```

Date: March 12, 2004